# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MORTGAGE ASSETS MANAGEMENT, LLC<br><br>PLAINTIFF<br><br>v.<br><br>ESTATE OF RICHARD E. CARLISLE;<br>SECRETARY OF HOUSING AND URBAN DEVELOPMENT<br><br>DEFENDANT(S) | CIVIL ACTION NO: |

## COMPLAINT FOR FORECLOSURE

NOW COMES Plaintiff, Mortgage Assets Management, LLC by and through its attorneys, Korde & Associates, P.C., and complains against the Defendants pursuant to 14 M.R.S. § 6321 et seq. saying further as follows:

### JURISDICTION AND VENUE

1. This Court has diversity jurisdiction pursuant 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

3. Plaintiff Mortgage Assets Management, LLC is a Limited Liability Company organized under the laws of the State of Delaware with a principal place of business located at 14405 Walters Road, Suite 200, Houston, TX 77014.

4. Defendant Estate of Richard E. Carlisle has a last known address of 321 Surry Road, Ellsworth, ME 04605.

5. Defendant Secretary of Housing and Urban Development is a governmental agency with a principal place of business of 451 Seventh Street, S.W., Washington, D.C. 20410.

## FACTS

6. Estate of Richard E. Carlisle is the current owner of certain real property located at *321 Surry Road, Ellsworth, ME 04605*, by virtue of a deed from Grace C. Young to Richard E. Carlisle and Rose Lee Carlisle, as joint tenants, dated April 6, 1957 and recorded in the Hancock County Registry of Deeds on April 6, 1957 in Book 798, Page 133, and by virtue of a further deed from Phyllis Young to Rose Lee Carlisle and Richard E. Carlisle, as joint tenants, dated June 24, 1978 and recorded in the Hancock County Registry of Deeds on June 26, 1978 in Book 1323, Page 27.  Upon information and belief, Rose Lee Carlisle passed from this life on February 9, 2016, leaving Richard E. Carlisle as surviving joint tenant.  Richard E. Carlisle passed from this life on October 24, 2022.

7. On January 23, 2008, Rose Lee Carlisle and Richard E. Carlisle executed and delivered to Wells Fargo Bank, N.A. a certain Home Equity Conversion Promissory Note (the "Note").  A copy of the Note is attached hereto as <u>Exhibit A</u>.

8. Plaintiff is entitled to enforce the Note, as Wells Fargo Bank, N.A. executed an endorsement appearing on the Note to "blank", rendering the Note enforceable by the party that is in possession of the original Note.

9. Plaintiff certifies that the owner of the Note is Federal National Mortgage Association.

10. To secure the Note, Rose Lee Carlisle and Richard E. Carlisle granted a Home Equity Conversion Mortgage to Wells Fargo Bank, N.A. in the maximum amount of $307,500.00 dated January 23, 2008 and recorded on January 29, 2008 in the Hancock County Registry of Deeds in Book 4929, Page 18 (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhibit B.

11. The property secured by the Mortgage is known as *321 Surry Road, Ellsworth, ME 04605*, and is more particularly described in the Mortgage (the "Premises").

12. The Mortgage was assigned by virtue of an instrument of assignment from Wells Fargo Bank, N.A. to Nationstar Mortgage LLC D/B/A Champion Mortgage Company dated September 28, 2017 and recorded on October 3, 2017 in Book 6836, Page 196. A copy of said Assignment is attached hereto as Exhibit C.

13. The Mortgage was further assigned by virtue of an instrument of assignment from Nationstar Mortgage LLC D/B/A Champion Mortgage Company to Mortgage Assets Management, LLC dated February 23, 2022 and recorded on February 23, 2022 in Book 7191, Page 25. A copy of said Assignment is also attached hereto as Exhibit C.

14. No claim is being made against Rose Lee Carlisle and Richard E. Carlisle or his/her/their estates in and through this action.

15. Defendant, Secretary of Housing and Urban Development may claim an interest in the Premises by virtue of a mortgage dated January 23, 2008 in the amount of $307,500.00 recorded on January 29, 2008 in Book 4929, Page 27.

16. In accordance with the terms of the Note and Mortgage, all sums advanced pursuant to the Note and Mortgage are due and payable in full upon the death of a borrower and if the Premises is not maintained as the principal residence of at least one surviving borrower.

17. The requirements of 14 M.R.S. § 6111 and M.R.S. § 6321-A do not apply in this matter as the mortgagor(s) is/are deceased and the Premises is not the primary residence of the Defendant.

18. By letters dated October 28, 2022, Plaintiff provided notice that the Note was in default and demanded payment thereon. A copy of said Notice(s) of Default are attached hereto as <u>Exhibit D</u>.

19. The default has not been cured and all sums due under the Note and Mortgage are presently due and payable.

20. As of January 27, 2023, the following amounts are due and payable to the Plaintiff, exclusive of costs of collection, including attorney's fees, under the terms of the Note and the Mortgage:

| | |
|---|---:|
| Principal Balance | $161,478.28 |
| Accrued Interest | 30,135.77 |
| Appraisal Fees | 900.00 |
| Property Inspection Fees | 20.00 |
| Mortgage Insurance Premium (MIP) | 7,607.04 |
| Servicing Fees | 6,300.00 |
| Intra Month Per Diem | 1,072.88 |
| Title-Related Fees | 270.00 |
| **Total:** | **$207,783.97** |

Additional interest will accrue and be compounded on said principal balance in accordance with the terms of the Note.

21. Plaintiff anticipates that additional disbursements will be made for attorney's fees and other services rendered during the foreclosure and sale.

22. Pursuant to the terms of the Mortgage, Plaintiff is entitled to reasonable attorney's fees and all costs allowed by law in any lawsuit for foreclosure and sale.

23. Pursuant to 14 M.R.S. § 6101, the Plaintiff may charge reasonable attorney's fees if the Plaintiff prevails in its action for foreclosure and sale.

## COUNT I - FORECLOSURE

24. Plaintiff repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure and title to real estate located at *321 Surry Road, Ellsworth, Hancock County, Maine 04605*. See Exhibit B.

26. Plaintiff is entitled to enforce the Note, as Wells Fargo Bank, N.A. executed an endorsement appearing on the Note to blank appearing on the Note, rendering the Note enforceable by the party that is in possession of the original Note. See Exhibit A.

27. Plaintiff, directly or through its agent, is in possession of the original Note, Mortgage, and any assignments.

28. Plaintiff, Mortgage Assets Management, LLC, is the current owner of the Mortgage, and is authorized by Federal National Mortgage Association, the current owner of the Note.

29. Plaintiff is the party entitled to collect the debt evidenced by said Note.

30. In accordance with the terms of the Note and Mortgage, all sums advanced pursuant to the Note and Mortgage are due and payable in full upon, inter alia, the death of the borrower(s).

31. The requirements of 14 M.R.S. § 6111 and M.R.S. § 6321-A do not apply in this matter as the mortgagor(s) is/are deceased and the subject property is not the primary residence of the Defendant.

32. By letters dated October 28, 2022, Plaintiff provided notice that the Note was in default and demanded payment thereon. *See* Exhibit D.

33. Plaintiff certifies that all steps mandated by law to provide notice of the default and of the right to cure have been taken and strictly performed.

34. The default has not been cured and all sums due under the Note and Mortgage are presently due and payable.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Determine that there has been a breach of condition of the Mortgage;

B. Determine the amount due on the Note and Mortgage, including principal, interest, reasonable attorney's fees, court costs, and other expenses;

C. Issue a Judgment of Foreclosure and Sale in conformity with 14 M.R.S. § 6322;

D. Order exclusive possession of the Premises to the Plaintiff upon the expiration of the statutory ninety (90) day period of redemption set forth in 14 M.R.S. § 6322, and direct the Clerk to issue a writ of possession at the request of the Plaintiff; and/or

E. Grant such other and further relief as the Court may determine proper.

[SIGNATURE ON NEXT PAGE]

Dated:  January 27, 2023

                                            Respectfully submitted,
                                            Mortgage Assets Management, LLC

                                            /s/ Marcus E. Pratt
                                            Marcus E. Pratt, Esq. #6229
                                            Attorney for Plaintiff
                                            KORDE & ASSOCIATES, P.C.
                                            707 Sable Oaks Dr., Suite 250
                                            South Portland, ME 04106
                                            (207) 775-6223
                                            mpratt@kordeassociates.com
                                            MEFEDNotices@kordeassociates.com